

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ROBERT M. MILLER,

    *Plaintiff,*

v.

MERRICK B. GARLAND, et al.,

    *Defendants.*

Civ. Case No: 1:23-cv-195

## MOTION TO FILE AN OVERSIZED APPLICATION FOR A TRO AND PRELIMINARY & PERMANENT INJUNCTION

Pursuant to LCvR 7, Plaintiff respectfully requests leave of the Court to file an oversized *Application for a Nationwide Temporary Restraining Order and Preliminary and Permanent Injunction*. LCvR 7(F)(3) requires that except for good cause shown in advance of filing, opening briefs shall not exceed thirty (30) pages. Because of the scope of the *Verified Complaint*, ECF 1, Plaintiff finds it necessary to enlarge his *Application* to 45 pages despite his best efforts to reduce it. In the *Application*, Plaintiff must demonstrate that he has standing to sue, and that the conditions are met for the extraordinary relief of a temporary restraining order and injunctive relief.

The *Complaint* contains seven claims challenging Defendants' final rule *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* RIN 1140-AA55, 88 FR 6478. ("Rule"). The Rule is nearly 100 pages long, the Notice of Proposed Rulemaking is twenty-six pages long, and the Regulatory Impact Analysis is nearly 100 pages long. The Rule received over 237,000 comments, many of which are relevant to the Agency's compliance with the Administrative Procedure Act ("APA").

The length of Plaintiff's *Application* is also predicated on the large number of law violations in the Rule. Plaintiff alleges the Rule violates his rights under the Second, Fourth, and Fifth Amendments to the United States Constitution in multiple ways. Agency violated the APA

1

and the Congressional Review Act with an instantaneous effective date for a legislative rule. Agency failed to identify the need for rulemaking, failed to monetize rule benefits, undercounted Rule costs, and failed to adequately consider alternative regulatory approaches and public comments. The Rule was arbitrary and capricious, relying on seven different factors in determining whether a braced pistol is a short-barreled rifle (SBR), all of which Plaintiff must address. The Rule attempts to resolve a major question that cannot be assumed to have been delegated by Congress. The Rule is void for vagueness and violates the Rule of Lenity. The Rule also imposes *ex post facto* criminal liability on Plaintiff. Because of the size of the Rule, its vast economic and social impact, the number of claims, the number of Rule deficiencies, and the complexity of case issues, this Court should grant Plaintiff leave to file an *Application* of no more than forty-five (45) pages. Plaintiff attempted to contact the U.S. Attorney for the Eastern District of Virginia regarding this motion on March 9 and 10, 2023. After leaving messages with the duty attorneys, Plaintiff received no responses.

    I hereby certify and verify under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. §1746. No attorney has prepared or assisted in the preparation of this motion.

EXECUTED ON March 11, 2023.

-s- *[signature]*
Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 11, 2023, a copy of the foregoing **MOTION TO FILE AN OVERSIZED APPLICATION FOR A TRO AND PRELIMINARY & PERMANENT INJUNCTION** was sent to the Court by U.S. Postal Service certified mail.

I caused a copy of this filing to be served by certified U.S. Mail and CM/ECF to:

U.S. Attorney for the Eastern District of Virginia
ATTN: Civil Process Clerk
Justin W. Williams U.S Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314

Steven Dettelbach, Director
Bureau of Alcohol, Tobacco, Firearms, and Explosives
99 New York Ave, NE
Washington, DC 20226

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001

_____
Robert M. Miller
*Plaintiff, Pro Se*