UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ROBERT M. MILLER,

                Plaintiff,

   v.

MERRICK B. GARLAND, et al.,

                Defendants.

Case No. 1:23-cv-195 (RDA/JFA)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER,
AND REQUEST FOR ENLARGEMENT OF TIME**

Plaintiff, a gun owner, has filed a joint application seeking both a temporary restraining order ("TRO") and a preliminary injunction along with a motion to file an oversized application. *See* App., ECF No. 7-2; Mot., ECF No. 7. By these motions, Plaintiff seeks to enjoin a final rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). *See* "Factoring Criteria for Firearms with Attached 'Stabilizing Braces,'" 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"). *See* Compl., ECF No. 1). In general terms, the Rule provides guidance regarding the classification of firearms equipped with stabilizing braces. Specifically, the Rule informs the public of the factors ATF will consider in determining whether certain firearm-brace combinations are, because of their configurations, "designed or redesigned, made or remade, and intended to be fired from the shoulder," and therefore "short-barreled rifles" within the meaning of the National Firearms Act ("NFA") and Gun Control Act ("GCA"). 26 U.S.C. § 5845(c); 18 U.S.C. § 921(a)(7).

The Rule's effective date was January 31, 2023, but it provides a 120-day compliance period during which persons currently possessing short-barreled rifles equipped with "stabilizing braces,"

1

including individual possessors, federal firearms licensees, and certain governmental entities have until May 31, 2023 to choose one of the Rule's options to come into compliance with the NFA's requirements. 88 Fed. Reg. 6,570–71.

Notwithstanding the passage of time since the promulgation of the rule (two weeks before Plaintiff filed this action and six weeks before Plaintiff sought emergency relief), and notwithstanding that Plaintiff has more than two months before he may be required to take action to comply with the Rule and the NFA, Plaintiff asks the Court for a TRO to issue imminently. There is no basis for the entry of such an order. Instead, this action may proceed on an ordinary schedule for consideration of Plaintiff's application for a preliminary injunction. For the reasons set forth below, Plaintiff's application for a TRO should be denied and the Court should enter a schedule for consideration of Plaintiff's request for a preliminary injunction that grants Defendants until April 3, 2023 to fully brief the issues presented to the Court.

"[A] temporary restraining order is an extraordinary remedy . . . to be granted only sparingly and in limited circumstances." *Ga. Vocational Rehabilitation Agency Bus. Enter. Prog. v. United States*, 354 F. Supp. 3d 690, 693 (E.D. Va. 2018). TROs "are issued only rarely, when the movant proves he will suffer injury if relief is not granted before the adverse party could be notified and have the opportunity to respond." *Cooper v. Ray*, No. 7:07cv16, 2007 WL 1447916, at *1 n.1 (W.D. Va. May 14, 2007). To do so, a plaintiff must show the "irreparable harm he faces in the absence of relief" is "actual and imminent." *Id.* at *1; *see also Sarsour v. Trump*, 245 F. Supp. 3d 719, 728 (E.D. Va. 2017). TROs are restricted to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); *see also Spaghetti Warehouse Restaurants, Inc. v. Spaghetti Warehouse, Dayton, LLC*, 2021 WL 4549269 (N.D. Tex. Apr. 9, 2021) ("Plaintiff has failed to demonstrate that it will suffer irreparable harm between now and when the Court might grant a

preliminary injunction[.]"); Fed. R. Civ. P. 65(b)(1) ("The court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if . . . specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.").

Plaintiff has not made a clear showing that he will suffer irreparable harm between now and when the Court might issue a ruling on Plaintiff's request for a preliminary injunction. As noted above, the Rule has been in effect since January 31, 2023, its compliance period extends through May 31, 2023, and ATF will not "take enforcement action against any person in possession of an affected firearm that is a short-barreled rifle" until the compliance period closes. 88 Fed. Reg. 6,478. Thus, Plaintiff need not take any action in advance of May 31, 2023 concerning weapons he appears to own, Compl., ECF No. 1, ¶¶ 46-49; App. at 5–6, and he will be in the same position in three weeks, after Defendant has opposed the preliminary injunction, as he is today. In other words, a TRO would upset, not preserve, the status quo. Indeed, Plaintiff's nearly month-long delay in filing the Application undermines his assertion that he is suffering irreparable harm in the interim. Therefore, Defendants request that the Court deny Plaintiff's request for TRO.

Defendants also request twenty-one days to file a response to Plaintiff's request for preliminary injunction. Good cause exists to extend the standard response time under the local rules. *See* L.R. 7(F)(1). As Plaintiff recognizes, Plaintiff's Complaint is extensive and brings seven claims challenging the nearly 100-page Rule. *See* Mot. at 1. Moreover, Plaintiff effectuated service by mail (and with procedural defects);[1] undersigned counsel did not receive Plaintiff's combined TRO/PI filings until

---

[1] Plaintiff has not perfected service of the Complaint, which was delivered to the U.S. Attorney's Office without attached summons.

3

Tuesday, March 14.[2] Given the number and complexity of the issues presented and the delays related to service, Defendants submit that the standard fourteen-day response period is insufficient to coordinate with agency stakeholders and fully address these issues.

At least seven other cases have been filed against Defendants challenging the Rule in other jurisdictions, and several of the plaintiffs in those actions have also moved for preliminary injunctions. *See Britto v. ATF*, No. 2:23-cv-19 (N.D. Tex.); *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.); *Second Amendment Found. v. ATF*, No. 3:21-cv-116 (N.D. Tex.); *Watterson v. ATF*, No. 4:23-cv-90-ALM (E.D. Tex.); *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.); *FRAC v. Garland*, No. 1:23-cv-24-DLH-CRH (D.N.D.); *Colon v. ATF*, No. 8:23-cv-223 (M.D. Fl.). In none of them has a litigant sought, much less obtained, a TRO. Moreover, Defendants have already consented to allow Mr. Miller to file an amicus brief in support of the plaintiffs' preliminary injunction in *FRAC v. Garland*, No. 1:23-cv-24-DLH-CRH (D.N.D.). Fourteen days is insufficient time for Defendants to harmonize their responses to these various actions and motions for preliminary relief. Moreover, the default response time in most of these motions has been twenty-one days, and where it has been fourteen days, the court has granted Defendants' requests for extension of time to respond. *See Watterson v. ATF*, No. 4:23-cv-80-ALM (E.D. Tex.), ECF No. 18; *FRAC v. Garland*, No. 1:23-cv-24-DLH-CRH (D.N.D.), ECF No. 29.

In all events, Defendants request that they be provided an adequate opportunity to respond to the substance of Plaintiff's arguments before the Court considers entering any form of preliminary relief.

---

[2] The version of the Application Plaintiff served Defendants included a certificate of service dated March 10, 2023, but the tracking information on the certified mail indicated a service date of March 11, 2023, and the certificate of service included with the Motion to File an Oversized Application filed on the docket indicates a service date of March 11, 2023. *See* Mot., ECF No. 7. Additionally, Plaintiff served Defendants a slightly different version of the Application than the one he filed on the docket, further supporting that March 11, 2023 is the proper date of service. Thus, Defendants consider March 11, 2023 to be the effective service date.

Dated: March 16, 2023                                    Respectfully submitted,


JESSICA D. ABER                                          BRIAN M. BOYNTON
United States Attorney                                   Principal Deputy Assistant Attorney General

                                                         BRIGHAM J. BOWEN
         /s/                                             Assistant Branch Director
KIRSTIN K. O'CONNOR
Assistant United States Attorney                                  /s/
Office of the United States Attorney                     TAYLOR PITZ (CA Bar No. 332080)
2100 Jamieson Ave.                                       FAITH E. LOWRY (TX Bar No. 24099560)
Alexandria, VA 22314                                     MICHAEL DREZNER (VA Bar No. 83836)
Tel:    (703) 299-3799                                   JODY D. LOWENSTEIN
Fax:    (703) 299-3983                                      (MT Bar No. 5816869)
Email:  kirstin.o'connor@usdoj.gov                       Trial Attorneys
                                                         U.S. Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         1100 L Street, N.W.
                                                         Washington, DC 20005
                                                         Phone: (202) 305-5200
                                                         Email: taylor.n.pitz@usdoj.gov

                                                         *Counsel for Defendants*