UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT M. MILLER, *Plaintiff,* <br> v. <br> MERRICK B. GARLAND, et al., *Defendants.* | Civ. Case No: 1:23-cv-195 <br><br> HEARING FOR TRO IS WAIVED. <br><br> HEARING FOR PRELIMINARY INJUNCTION IS REQUESTED |

## REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR ENLARGEMENT OF TIME

Plaintiff herein replies to Defendants' *Opposition*, ECF 9, to Plaintiff's application for a temporary restraining order, ECF 7, and to Defendants' motion for an enlargement of time of twenty-one days to respond to the preliminary injunction. This Court should grant Plaintiff's *Application*.

### A. Defendants' Opposition Failed to Rebut the Application for a TRO.

Defendants' *Opposition* failed to explain to this Court why a temporary restraining order ("TRO") should not issue, making mostly irrelevant arguments. Defendants did not even attempt to explain how public safety would be compromised if the Court grants the TRO restoring the status quo ante before January 31, 2023. Thus, Defendants have conceded the argument. *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, No. 3:12-CV-771, 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (citing *Cureton v. U.S. Marshal Serv.*, 322 F.Supp.2d 23, 27 (D.D.C. 2004)); *Williams v. Newport News Sch. Bd.*, 4:20-cv-41, at *32 (E.D. Va. Aug. 19, 2021).

In their opening paragraph, Defendants claim "the Rule provides *guidance* regarding the classification of firearms equipped with stabilizing braces." [emphasis added] ECF at 1. The Rule

1

Control Act of 1968 (GCA) to encompass braced pistols because they purportedly design or redesign the pistol to be fired from the shoulder, i.e., a rifle. Defendants' Rule is not guidance. Rather, it is a substantive legislative rule that extends felony liability to millions of Americans, including Plaintiff, who faced no such liability before January 31, 2023. Defendants did not respond to Plaintiff's arguments that the Rule is legislative, thus it concedes the issue.

Defendants claim, "Plaintiff has not made a clear showing that he will suffer irreparable harm between now and when the Court might issue a ruling on Plaintiff's request for a preliminary injunction." ECF 9 at 3. While the Rule provides for a 120-day period of non-enforcement for the *possession* of braced pistols, the *Application* explained that the Rule has *immediate* and *ongoing* effects on Plaintiff and millions of others preventing them from transporting their braced pistols across state lines without filing an ATF Form 5320.20 ("Form 20"). *Appl.* at 5. A violation of Constitutional rights is *always* irreparable harm. *Grimm v. Gloucester Cnty. Sch. Bd.*, 400 F. Supp. 3d 444, 461 (E.D. Va. 2019); *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987). Defendants' *Opposition* did not even attempt to rebut Plaintiff's arguments that the Rule violates Plaintiff's Second Amendment rights, as recognized in *New York State Rifle & Pistol Assn., Inc. v. Bruen*, No. 20-843, at *1 (June 23, 2022). The Second Amendment presumptively protects the right of individuals to keep and bear all bearable arms, such as short-barreled rifles and braced pistols, for personal defense outside the home. *Id.*

The Rule also imminently prevents Plaintiff and others from selling their braced pistols as Title I firearms. Rather, Plaintiff must now sell his braced pistols as SBRs, paying a $200 tax, and the buyer cannot receive the pistol without an FBI background check and a wait of more than nine months. Aside from the fact that Plaintiff's motion pleaded he would imminently sell braced pistols to meet his financial obligations but for this Rule, Plaintiff's braced pistols have immediately lost

their market value because now they are prohibitively expensive and require onerous transfer requirements and registration.

The Rule also causes imminent and ongoing irreparable harm in the form of *ex post facto* liability because of the Rule's interpretation of 18 U.S.C. §922(r) criminalizing Plaintiff's assembly of SBRs from foreign-made pistols. *Appl.* at. 3. Defendants' Rule did not provide a *nolle prosequi* for that portion of the Rule for 120 day*s.*

These adverse impacts are already in effect because the Rule unlawfully did not delay the effective date by 30 days under the Administrative Procedure Act, 5 U.S.C. § 553(d), and 60 days under the Congressional Review Act. 5 U.S.C. 801(a)(3). Had Defendants done so, the Rule would not have been effective as of the date of this brief. Thus, Plaintiff has demonstrated a TRO is necessary to stop the imminent and ongoing irreparable harm the Rule causes Plaintiff right now. Defendants have not promised to not enforce the other provisions of the NFA and GCA beyond mere possession. Defendants could have, but did not, delay the effective date of the Rule given the numerous lawsuits in many jurisdictions pursuant to 5 U.S.C. § 705. Thus, at the very least, this Court should delay the effective date of the Rule until after the Court considers Plaintiff's preliminary injunction pursuant to Section 705.

Defendants argue that "a TRO would upset, not preserve, the status quo," ECF 9 at 3, and Plaintiff "will be in the same position in three weeks, after Defendant has opposed the preliminary injunction, as he is today. *Id.* Defendants must take this Court as a fool attempting to preserve a status quo in their favor because of their unlawful immediate effective date. The purpose of this *Application* for a TRO and preliminary injunction is to preserve the status quo *before* the Rule's effective date on January 31, 2023. The Fourth Circuit has observed that "preliminary injunctions can restore the status quo after it has been disturbed. *Savoie v. Merchants Bank*, 84 F.3d 52, 59 (2d

Cir. 1996)" *Di Biase v. SPX Corp.*, 872 F.3d 224, 231 n.7 (4th Cir. 2017). Defendants did not respond to Plaintiff's arguments about the unlawful effective date, thus they have conceded the issue.

Next Defendants argue Plaintiff's "nearly month-long delay in filing the Application undermines his assertion that he is suffering irreparable harm in the interim." *Opp.* at 3. Plaintiff is aware that the law in other circuits holds that a delay in seeking injunctive relief implies a lack of urgency for preliminary relief. Defendants cited no persuasive precedent from other courts. Plaintiff can find no such precedent in this district or circuit, and Defendants cited none. Nevertheless, such an inference is misguided. Movants for preliminary relief often have good reasons for delay. Holdings in the other courts erroneously believe that moving for preliminary relief must be the most important thing a movant has to do in their lives. Legitimate irreparable harm, such as violating Plaintiff's Constitutional right to self-defense, may be less urgent than attending to family emergencies, financial difficulties, or work demands. Courts are not justified in presuming the priorities of litigants. The familiar standards for preliminary relief involve a showing of irreparable harm, likelihood of success on the merits, that the injunction effectuates relief, and that the public interest and balance of equities favor the movant. Nothing in that standard requires a showing that the need for relief be urgent, only that irreparable, concrete, and particularized harm will imminently ensue without granting the motion. A party's ability to endure irreparable harm even for long periods of time does not imply a TRO should not issue.

Plaintiff's *Application* was delayed several days because the U.S. Attorney never responded to Plaintiff's calls to meet and confer about the request. Plaintiff could not serve his motion for nearly a week because he had no opportunities during his workday to get to the post office during its open hours. This delay would have been remedied if the Court had considered and granted

Plaintiff's motion for electronic filing. ECF 3. For the third case in a row, Plaintiff's prosecution of his case has been hampered by this Court's discriminatory treatment of *pro se* litigants. Not only do other districts and circuit courts allow *pro se* electronic filing, the *Fourth Circuit does*. This case is already shaping up to be an administrative nightmare for Plaintiff, with the Clerk docketing his *Application* on March 13, 2023, a week after it was received on March 6, 2023. *See* Exhibit 1.

Additionally, Plaintiff's work from 10 a.m. to 6 p.m. Tuesday through Friday, and 9 a.m. to 5 p.m. on Saturday gave him minimal time to complete his *Application* quickly. Even in courts where delays in moving for preliminary relief can defeat the motion, the courts do so only when the reasons for delay are inexcusable. One month of delay is certainly not untimely, especially for a *pro se* litigant, and does not otherwise work prejudice to Defendants.

### B. **Defendants Motion for an Enlargement of Time Should Be Denied.**

Defendants seek an additional twenty-one days on top of the fourteen days they must respond under local rules, for a total of thirty-five days. That's longer than the time Defendants claim Plaintiff delayed in applying for injunctive relief. Plaintiff is generally amenable to granting Defendants additional time, when asked, as he appreciates collegiality from Defendants for such extensions, but Defendants failed to meet and confer pursuant to LCvR. 7(E) on this motion. Thus, the motion should be denied.

As good cause for the extension, Defendants say, "Plaintiff's Complaint is extensive and brings seven claims challenging the nearly 100-page Rule." But Defendants are not defending against every fact and argument Plaintiff pleaded in his Complaint, just those included in the *Application*.

Defendants say, "Plaintiff effectuated service by mail..." Rule 5 allows service by certified mail, and because Plaintiff cannot yet file documents electronically, Defendants are trying to take advantage of the disadvantages the Court puts upon *pro se* litigants. The time to respond to motions *already includes* an allowance for filing by mail. "The fourteen (14) and six (6) calendar day periods for response and reply briefs shall apply ***without regard to, and are not expanded by, the mode of service*** used for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d)." [emphasis added] LCvR 7(F)(1).

Defendants claim they, "did not receive Plaintiff's combined TRO/PI filings until Tuesday, March 14." *Opp.* at 3. Plaintiff sent the *Application* by U.S. Postal Service Priority Certified Mail on March 3, 2023, and Defendants received it on March 6, 2023 – the same day the Court received it. *See* Exhibit 1.

In a footnote, Defendants claim "Plaintiff has not perfected service of the Complaint, which was delivered to the U.S. Attorney's Office without an attached summons." *Opp.* at 3. "It is not the practice of this court to consider an argument that has not been developed in the body of a party's brief or identified in the headings." *Kinder v. White*, 609 F. App'x 126, 16 (4th Cir. 2015).

Plaintiff's affidavit of service shows the sealed summons, and the proof of service shows the complaint and summons was served pursuant to Rule 4(*i*). ECF 6. Because other federal defendants claimed in a recent D.C. District Court case that Plaintiff failed to effect proper service, he was especially careful to ensure that all documents were included in each of the envelopes he had served in this case, and *especially* the U.S. Attorney where receipt of service starts the clock for Defendants' answer. Thus, Plaintiff disputes the U.S. Attorney was not served the summons. In any event, Defendants have entered an appearance in this case to oppose the *Application*, bringing them under the personal jurisdiction of this Court. "A party can also consent to personal

6

jurisdiction by voluntarily appearing in court..." *United States v. Carter*, Civil Action No. 3:15cv161, at *10 n.8 (E.D. Va. Apr. 29, 2016).

Defendants argue, "At least seven other cases have been filed against Defendants challenging the Rule in other jurisdictions, and several of the plaintiffs in those actions have also moved for preliminary injunctions." So what? That fact has no bearing on whether this Court should expand the time for Defendants to respond to Plaintiff's motion, which uniquely attacks the Rule's cost-benefit analysis and violations of the Congressional Review Act. The former of these arguments provide a certainty of relief on the merits because Defendants cannot dispute their Rule failed to monetize or quantify Rule benefits, and their qualitative description failed to explain how the Rule would lead to the claimed benefits. The latter of these attacks, alone, is good cause to restrain Defendants because their immediate effective date is facially unlawful. Because both dispositive arguments affect every plaintiff in every case, this Court should grant a nationwide TRO.

Defendants claim they "already consented to allow Mr. Miller to file an amicus brief in support of the plaintiff's preliminary injunction in *FRAC v. Garland*, No. 1:23-cv-24-DHL-CRH (D.N.D.) *Opp*. at 4. So what? The issue before this Court is the irreparable harm to *this* Plaintiff in this case. Defendants argue "Fourteen days is insufficient time for Defendants to harmonize their responses to these various actions and motions for preliminary relief." *Id.* This Court can only speculate about what Defendants mean by "harmonize," why it is necessary, and how that implies Defendants need more time to respond to the preliminary injunction. Plaintiff's motion stands on its own merits, and if Defendants' Rule is as bullet-proof as they claim, no harmonization is necessary; they merely need to tell the truth.

7

Defendants argue, "the default response time in most of these motions has been twenty-one days, and where it has been fourteen days, the court has granted Defendants' requests for extension of time to respond." This District is well-known as the "Rocket Docket," and Defendants ask for this Court submit itself to the rules of other courts.

In another footnote, Defendants criticize Plaintiff for a variance of *one day* in the date on the certificate of service and the tracking information, which was caused by Plaintiff's failure to respond to messages about meeting and conferring. Defendants complain of receiving a "slightly different version of the Application" without stating what those differences are. To the best of Plaintiff's recollection, any differences would have been with the page referring to Defendants response in the meeting and conference. Defendants identify no substantive differences, they do not explain how they are prejudiced, nor do they explain how these minor errors merit thirty-five days for their response. It appears these federal defendants are doing what every federal attorney has done in every court case against Plaintiff since 2013 – creating prejudice with the presiding judge against a *pro se* litigant by pointing out and repeating every purported error.

### C. <u>Conclusion</u>

For the reasons set forth above and in Plaintiff's *Application*, this Court should grant Plaintiff's motion for a Temporary Restraining Order until this Court decides on his motion for a preliminary injunction.

I hereby certify and verify under penalty of perjury under the laws of the United States that the foregoing is true and correct. 28 U.S.C. §1746. No attorney has prepared or assisted in the preparation of this motion.

EXECUTED ON March 17, 2023.

-s- _____

Robert M. Miller, Ph.D.
4094 Majestic Ln., #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 17, 2023, a copy of the foregoing **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR ENLARGEMENT OF TIME** was sent to the Court by certified Priority U.S. Mail.

I caused a copy of this filing to be served by CM/ECF to:

KIRSTIN K. O'CONNOR
Assistant U.S. Attorney
Office of the U.S. Attorney
Justin W. Williams U.S Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314
Tel: (703) 299-3799
Fax: (703) 299-3983
Email: kirstin.o'connor@usdoj.gov

-s- /signature/

Robert M. Miller, Ph.D.
4094 Majestic Ln, #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com