UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2023 MAY -2 P 4: 16

ROBERT M. MILLER,

    *Plaintiff,*

v.

MERRICK B. GARLAND, et al.,

    *Defendants.*

Civ. Case No: 1:23-cv-195

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff submits this notice of supplemental authority to inform the court about a new court decision that was not available at the time of the hearing on April 12, 2023. Defendants take no position on the supplement, but they reserve the right to file a response. Because Plaintiff makes no additional arguments, this Court should not wait for an opposition.

A federal judge in the U.S. District Court for the Southern District of Illinois recently granted plaintiffs a preliminary injunction against the Protecting Illinois Communities Act ("PICA"), Public Act 102-1116, 720 ILCS 5/24-1.9. *Barnett v. Raoul,* 23-cv-00209 SPM, slip op. (April 28, 2023), see Exhibit 1. "[PICA] placed sweeping restrictions and outright bans on the sale, purchase, manufacture, delivery, importation, and possession of many firearms, magazines, attachments, stocks, and grips." *Id.* at *3. PICA explicitly banned "arm braces." 720 ILCS 5/24-1.9(a)(C)(vi). That court reached the following conclusions relevant to the instant case:

> Even a cursory review of the named Plaintiffs satisfies the three requisite elements [for standing]. Furthermore, a plaintiff who wishes to engage in conduct that is arguably protected by the Constitution, but criminalized by a statute, successfully

demonstrates an immediate risk of injury. *Bell v. Keating*, 697 F.3d 445, 451 (7th Cir. 2012). In this case, Plaintiffs face criminal sanctions were they to sell or purchase any of the items banned by PICA, unless preliminary injunction issues. *Barnett* at *4-5.

Harm is irreparable if legal remedies are inadequate to cure it. Inadequate does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered. *Barnett* at *8. [T]he Seventh Circuit has found irreparable harm when it cannot be prevented or fully rectified by the final judgment after trial. *Id.*

Although the Supreme Court has not recognized a presumption of irreparable harm in regard to Second Amendment violations, it has emphasized that the Second Amendment and the constitutional right to bear arms for self-defense is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." *Bruen*, 142 S.Ct. at 2156 (citing *McDonald v. City of Chi., Ill.*, 561 U.S. 742, 780 (2010) (plurality opinion)). *Barnett* at *9.

Assuming arguendo that there is no presumption of harm for an alleged violation of the Second Amendment, Plaintiffs still satisfy this element. For example, Barnett and Norman are no longer able to purchase any firearm, attachment, device, magazine, or other item banned by PICA, while Hoods and Pro Gun are now prohibited from selling said any item banned by PICA. These harms are irreparable and in direct violation of the Second Amendment right to bear arms in self-defense. *Barnett* at *9.

But for PICA, Barnett and Norman would purchase additional banned firearms and magazines. Should either one attempt to do so, he could face criminal penalties. There is no monetary award that can compensate for such an injury and make them whole. *Barnett* at *10.

This Court will first address Defendants' contention that "non-essential accessories" are not within the scope of the Second Amendment's plain text. PICA outlaws possession of a "semiautomatic pistol" with a detachable magazine if it is equipped with any of the following: "a threaded barrel," "a shroud attached to the barrel or that partially or completely encircles the barrel," "a flash suppressor," or "arm brace." 720 ILCS 5/24-1.9. PICA further outlaws possession of a magazine for a handgun capable of holding more than 15 rounds of ammunition and of "[a] semiautomatic pistol that has a fixed magazine with the capacity to accept more than 15 rounds." 720 ILCS 5/24-1.9-10. Defendants contend that such items are not necessary to the functioning of a firearm and are thus not "arms" and therefore not protected by the Second Amendment. (Doc. 37, p. 17). "Defendants' argument is not persuasive. The Seventh Circuit has recognized the Second Amendment as extending to "corollar[ies] to the meaningful exercise of the core right to possess

2

firearms for self-defense." See *Wilson v. Cook County*, 937 F.3d 1028, 1032 (7th Cir. 2019) (quoting *Ezell*, 651 F.3d at 708). *Barnett* at *17-18.

PICA also interferes with the meaningful exercise of Second Amendment rights for one group of individuals - those with disabilities. To provide one example, consider arm braces for semiautomatic pistols. As noted above, PICA prohibits the use of an arm brace on any semiautomatic pistol with a detachable magazine without any caveat or exceptions. The Department of Justice has also attempted to regulate possession and registration of arm braces. See generally *Factoring Criteria for Firearms With Attached "Stabilizing Braces*," 88 FR 6478. However, one notable distinction exists. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has recognized that such braces are necessary for those with disabilities to use a firearm by directing that "[t]his rule does not affect 'stabilizing braces' that are objectively designed and intended as a 'stabilizing brace' for use by individuals with disabilities." *Factoring Criteria for Firearms With Attached "Stabilizing Braces"*, https://www.atf.gov/rules-and-regulations/factoring-criteria-firearms-attached-stabilizing-braces. As reason and the ATF final rule evidences, braces are needed by certain individuals with disabilities to operate a firearm. Thus, arm braces are an integral part of the meaningful exercise of Second Amendment rights for such individuals and can also be considered an "arm." *Barnett* at *19.

The only argument Defendants made to bear their burden of showing that the arms regulated by PICA are not in common use, rather than attempting to change the constitutional analysis, is that the "[s]ales and ownership numbers do not show commonality or use." (Doc. 37, p. 34). However, Defendants made no argument and present no evidence regarding the commonality of the two "arms" examples from the plain text analysis above. Such "arms" are part of semiautomatic pistols. As the Supreme Court found "handguns are the most popular weapon chosen by Americans for self-defense" and are thus clearly in common use and protected by the Second Amendment. *Barnett* at *22.

Twenty-four (24) million firearms dwarfs the 200,000 stun guns which the Supreme Court found sufficient to meet the "common use" test. See *Caetano v. Massachusetts*, 577 U.S. 411, 420 (2016) (per curiam) (Alito, J., concurring). Under the *Caetano* test, even 1% of the 24 million AR-15 style rifles held by citizens is sufficient to result in a finding that such arms are in common use. However, the Court need not rely solely on the current ownership numbers to determine commonality of use of these arms. *Barnett* at *23-24.

Although Defendants challenged the veracity of Plaintiffs' evidence, they were unable to produce evidence showing that modern sporting rifles are both dangerous and unusual. Consequently, Defendants failed to meet their burden to demonstrate that the "arms" banned by PICA are "dangerous and unusual" and thus not

3

protected by the Second Amendment. See *Bruen*, 142 S.Ct. at 2128. *Barnett* at *24-25.

EXECUTED May 1, 2023

-s- *[signature]*

Robert M. Miller, Ph.D.
4094 Majestic Ln, #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 1, 2023 I filed the foregoing **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** (at the Court)(by U.S. Postal Service Mail).

I caused to be served a copy of this document on Defendant by CM/ECF and/or electronic mail to:

KIRSTIN K. O'CONNOR
Assistant U.S. Attorney
Office of the U.S. Attorney
Justin W. Williams U.S Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314
Tel: (703) 299-3799
Fax: (703) 299-3983
Email: kirstin.o'connor@usdoj.gov

-s- *[signature]*

Robert M. Miller, Ph.D.
4094 Majestic Ln, #278
Fairfax, VA 22033
(415) 596-2444
RobMiller44@hotmail.com