# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |
|---|---|
| ROBERT M. MILLER, | |
| *Plaintiff*, | |
| v. | Case No. 1:23-cv-195 (RDA/JFA) |
| MERRICK B. GARLAND, *et al.*, | |
| *Defendants*. | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF DECISION

Plaintiff recently notified this Court of an out-of-circuit district court decision preliminarily enjoining a state firearms law. *See Barnett v. Raoul*, No. 3:23-CV-00141-SPM, 2023 WL 3160284 (S.D. Ill. Apr. 28, 2023). Unlike the "assault weapons" and large capacity magazines ban in that case, 720 ILCS § 5/24-1.9(a)(1)(A), the Final Rule at issue in this matter does not ban any firearms or firearm accessories: it merely sets forth the factors ATF considers in determining whether a weapon equipped with a stabilizing brace has been "designed or redesigned, made or remade, and intended to be fired from the shoulder," and is therefore a "rifle" under the National Firearms Act ("NFA") and the Gun Control Act ("GCA"), for purposes of potential taxation, approval and registration requirements. As the district court for the Northern District of Texas held in rejecting, at the preliminary-injunction stage, a Second Amendment challenge to this Rule, "banning and regulating a firearm are not always one and the same," "[n]or does the Second Amendment bar the imposition of traditional registration and licensing requirements commonly associated with firearm ownership." *Mock v. Garland*, No. 4:23-CV-00095-O, 2023 WL 2711630, at *7 (N.D. Tex. Mar. 30, 2023). Plaintiff's Second Amendment claim fails for this reason alone and *Barnett* is not to the contrary.

In addition, while Plaintiff excerpts certain paragraphs from *Barnett* that address the use of

firearm "braces," the court's discussion is inapposite to the claims here. The *Barnett* court found that, because "certain individuals with disabilities" may need braces "to operate a firearm," use of these braces is protected as an "integral part of the meaningful exercise of Second Amendment rights for such individuals." *Barnett*, 2023 WL 3160285 at *8. However, because Plaintiff asserts a facial constitutional challenge, the *Barnett* court's holding has no relevance here. Plaintiff's facial challenge requires a showing that the Rule "cannot operate constitutionally under *any* circumstance." *W. Virginia v. HHS*, 289 F.3d 281, 292 (4th Cir. 2002) (emphasis added).

If the Court would like further discussion on this decision, the Government is amenable to supplemental briefing. But the Government respectfully submits that such delay is unnecessary, as *Barnett* does not support Plaintiff's Second Amendment arguments.

Dated: May 4, 2023                              Respectfully submitted,


JESSICA D. ABER                                 BRIAN M. BOYNTON
United States Attorney                          Principal Deputy Assistant Attorney General


  _____/s/_____                BRIGHAM J. BOWEN
KIRSTIN K. O'CONNOR                             Assistant Branch Director
Assistant United States Attorney
Office of the United States Attorney              _____/s/_____
2100 Jamieson Ave.                              TAYLOR PITZ (CA Bar No. 332080)
Alexandria, VA 22314                            FAITH E. LOWRY (TX Bar No. 24099560)
Tel:    (703) 299-3799                          JODY D. LOWENSTEIN
Fax:   (703) 299-3983                              (MT Bar No. 55816869)
Email:  kirstin.o'connor@usdoj.gov              MICHAEL DREZNER (VA Bar No. 83836)
                                                Trial Attorneys
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, N.W.
                                                Washington, DC 20005
                                                Tel: (202) 305-5200
                                                Email: taylor.n.pitz@usdoj.gov

                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On May 4, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the Eastern District of Virginia, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/
KIRSTIN K. O'CONNOR
Assistant United States Attorney